OPINION OF THE COURT
Louis A. Barone, J.
The instant motion made by Timber Ridge Association, Inc. (Association), is for an order requiring that the judgment confirming the Referee’s report include a provision, that the sale of the property "is specifically subject to all the terms and conditions set forth in the Declaration of Covenants and *288 Restrictions [of the Association] dated September, 1977 and recorded in the Orange County Clerk’s office 21 September 1977 in Liber 2079 of Deeds at page 432.”
The moving parties’ motion, affidavits, exhibits and reply, as well as plaintiff’s affirmation in opposition and accompanying exhibits were all considered herein.
Timber Ridge Association, Inc., is a homeowners’ association. The defendant owned a home in Highland Mills, New York, and were members of the Association. It appears the defendants have failed to pay an assessment imposed by the Association of some $1,422.07. On August 6, 1990 the Association filed a lien against the defendant Saffer for said amount.
The plaintiff, Crossland Savings Bank, holds the first mortgage on the Saffer property. When defendant defaulted on the mortgage, the bank commenced a foreclosure proceeding. In the course of a title search, the Timber Ridge lien was listed and they were noticed in the present foreclosure action.
It is the position of the Timber Ridge Association that its lien for past due assessment, must be satisfied by any surplus proceeds received on the foreclosure sale and if there are no excess proceeds, the grantee, whomever it may be, takes subject to its lien. The Association alleges this provision is set forth in its filed declaration and this covenant runs with the land and is binding on any purchaser.
The plaintiff bank alleges it has a first mortgage on the premises which is superior to any and all other liens. Furthermore, upon the foreclosure of that mortgage, all subordinate liens are extinguished including the Association’s lien for unpaid assessments. Additionally, any purchaser at the foreclosure sale takes free of any obligation to the Association for the outstanding assessment. Plaintiff alleges to hold otherwise would be in contradiction of RPAPL 1311, 1353 and 1354. Plaintiff also refers to Real Property Law § 339-z and cites several cases supporting its position.
The Association argues that Timber Ridge is not a condominium and therefore Real Property Law § 339-z is inapplicable. However, Timber Ridge has a homeowners’ association claiming the same status of a board of managers.
Real Property Law § 339-z while inartfully drafted does provide the law of guidance herein. The section begins with the pronouncement that the board of managers "shall have a lien * * * for the unpaid common charges” which lien is "prior to all other liens except * * * (ii) all sums unpaid on a *289 first mortgage of record.” (emphasis added). The proceeds received on a foreclosure are applied to the satisfaction of the mortgage debt. The section makes no other provisions at this point.
Confusion then enters because the next sentence contains a whole new thought and should begin a new paragraph. The section now speaks to the "sale or conveyance of a unit”. In such an instance, the seller or the grantee is held liable for any unpaid common charges.
Reading the section as a whole, it is recognizable but not easily that the Legislature intended a distinction between a sale or conveyance of a unit and a foreclosure of a unit.
If not, all transactions involving the unit would render the seller or grantee liable for unpaid common charges.
The Legislature in the last sentence of this run-on paragraph makes another distinction between residential and nonresidential property. "Notwithstanding the above, the declaration of an exclusive non-residential condominium may provide that the lien for common charges will be superior to any mortgage liens of record.”
The court finds that the Legislature intended:
(1) To draw a distinction between the sale or conveyance and the foreclosure of a residential unit.
(2) To differentiate between commercial and residential transaction.
(3) To define as to residential units that regardless of what a declaration of covenants and restrictions provides, upon the foreclosure of a first mortgage any lien for unpaid common charges on said unit is extinguished and does not become the obligation of the purchaser, whomever that might be.
(4) To further provide that in any other sale or conveyance of a residential unit, the purchaser or grantee takes subject to any lien for paid common charges; and
(5) To permit the declaration of a commercial condominium to provide that any unpaid common charges become a superior lien to a mortgage of record.
If the Legislature did not intend distinctions or exceptions, the statute would read that the declaration of residential and nonresidential dwellings may provide that the unpaid common charges are superior to any other lien in any real property *290 transaction. Such is not the case. Specifically, on the foreclosure of a first mortgage of a residential unit the lien for unpaid common charges is extinguished.
The motion of Timber Ridge Association, Inc., is in all respects denied.